**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv307**

| | |
|---|---|
| **UNITED COMMUNITY BANK,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **JORGE ANGARITA, ARMANDO G. ARMAS,** | ) |
| **JOSE G. BELTRAN, ALINA BOYD, PRECIOUS** | ) |
| **BROOKS, LUTHER T. ELLIS, TISA T. ELLIS,** | ) |
| **MARTHA G. ESPARRAGOZA, NESTOR** | ) |
| **ESPARRAGOZA, FOLAYELE F. FAPOHUNDA,** | ) |
| **THOMAS L. FLYNN, HYVRON L. JEAN,** | ) |
| **LAWRENCE B. OGEDEGBE, WILSON O.** | ) |
| **OLUREMI, ADEYOLA OWOLADE, MICHAEL** | ) |
| **PENA, SALLY PENA, ADEKUNLE G. ROGERS,** | ) |
| **RAFEL A. UBEDA, GLEN B. WARRINGTON and** | ) |
| **RENEE E. WARRINGTON,** | ) |
| | ) |
| **Respondents.** | ) |
| | ) |
| _____ | ) |

## DECISION AND ORDER

**THIS MATTER** is before the Court on the Petitioner's Motion for Default

Judgment as to Respondents Jorge Angarita, Armando G. Armas, Jose G.

Beltaran, Alina Boyd, Precious Brooks, Luther T. Ellis, Tisa T. Ellis, Martha G.

Esparragoza, Nestor Esparragoza, Folayele F. Fapohunda, Wilson O.

Oluremi, Michael Pena, Sally Pena, Rafael A. Ubeda, Glen B. Warrington and

Renee E. Warrington [Doc. 25].

## PROCEDURAL HISTORY

On August 10, 2009, the Petitioner filed this application for confirmation of arbitration awards pursuant to 9 U.S.C. §1, *et. seq.*[1] [Doc. 1]. In the application, the Petitioner (Bank), a Georgia corporation, alleged that it made loans to each of the Respondents for the purchase of real estate and that each executed a promissory note in favor of the Bank. [Id., at 5]. None of the Respondents is a resident of North Carolina; however, the real estate purchased by each Respondent and guaranteed by the promissory notes is located in North Carolina.[2] [Doc. 26, at 5]. The promissory notes contained a mandatory arbitration clause to resolve disputes among the parties. [Doc. 1, at 6]. When each of the Respondents defaulted on the payment of the loans, the Bank served arbitration notices requiring participation in the arbitration which was scheduled for August 12, 2008 at the Mitchell County Courthouse in Bakersville, North Carolina. [Id., at Exhibits A through R].

---

[1]The application alleges diversity jurisdiction. [Doc. 1, at 5]. Vaden v. Discover Bank, __ U.S. __, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009) (Federal Arbitration Act (FAA) bestows no federal jurisdiction but requires an independent jurisdictional basis over the parties' dispute for access to a federal forum); Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62-63 (2nd Cir. 2009). The amount of each award exceeds $75,000 and the parties are diverse. [Doc. 1].

[2]None of the Respondents is a citizen or resident of Georgia. [Doc. 26, at 5].

Each of the Respondents failed to respond to the notice and to appear at the arbitration hearing. [Id.]. As a result, on August 12, 2008, the arbitrator entered separate default awards against each Respondent. [Id.]. Copies of the arbitration awards are attached to the application as exhibits. [Id., at Exhibits A through R]. The awards are each for a sum certain. [Id.].

The Bank has filed in the record proof of service of the application to confirm the arbitration awards on each of the above-named Respondents. [Docs. 3-10, 14-18]. On February 10, 2010, a letter was received by the Petitioner's attorney from Respondent Nestor Esparragoza. [Doc. 19]. The letter was construed as a motion for an extension of time within which to answer and Respondent Nestor Esparragoza was given through March 29, 2010 to file answer or other response. [Doc. 21]. No response or answer was filed by any of the Respondents. The Bank has also stated in the record that no Respondent against whom default is sought is a minor or incompetent. Fed.R.Civ.P. 55(b)(2).

On June 30, 2010, the Clerk of Court entered default as to each of the Respondents named in this motion. [Doc. 29]. As to those Respondents not so named, it appears that the Bank was unable to effect service.[3]

---

[3]Those Respondents are Thomas L. Flynn, Hyvron L. Jean, Lawrence B. Ogedegbe, Adeyola Owolade and Adekunle G. Rogers.

## DISCUSSION

The Federal Arbitration Act provides in pertinent part:

If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected[.] If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. ... If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. §9.

The United States District Court for the Western District of North Carolina, Asheville Division, is the federal court located in the district within which the arbitration award was made. [Id.]. The application to confirm the awards was made within one year thereof. [Id.]. The Bank effected service on the Respondents by certified mail, return receipt, by individual service and by leaving a true copy of the summons and application at the Respondent's usual place of abode in accordance with Federal Rule of Civil Procedure 4(e). Service was not effected through the use of a United States Marshal.

Although there is scant caselaw interpreting the FAA's §9 service

requirement, ... [s]ome courts have questioned the continued validity of §9's service requirement following later amendments to the Federal Rules of Civil Procedure.

> Section [9] is an anachronism not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of the United States marshals as routine process servers ... The "ostensibly principal purpose" of the amendments [to the Federal Rules of Civil Procedure] was to "tak[e] the marshals out of summons service almost entirely."

"In these circumstances, Section [9] cannot be taken as the proper standard for service of process. Recourse must be had to the Federal Rules of Civil Procedure." "The phrase 'in like manner as other process of the court' found in §9 of the Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service... ."

Hancor, Inc. v. R&R Engineering Products, Inc., 381 F.Supp.2d 12, 15 (D.P.R. 2005), *quoting* Matter of the Arbitration Between InterCarbon Bermuda, Ltd. & Caltex Trading and Tranport Corporation, 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993) and Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268, 1277 (2nd Cir. 1971); *accord*, Dobco, Inc. v. Mery Gates, Inc., 2006 WL 2056799 (D.N.J. 2006).

The Court finds that the Bank properly effected service pursuant to Rule 4(e).[4]  The Court also finds that each of the named Respondents is in default

---

[4]Rule 4(e)(1) provides that service may be accomplished pursuant to North Carolina law.  North Carolina law allows service by certified mail, return receipt.

and that default judgment in the amount of the arbitration award is appropriate. Each award sets forth the principal owing under the promissory note, the interest owed thereunder and the amount of attorney's fees authorized by statute. [Doc. 1, Exhibits A through R]. The Bank therefore seeks default judgment for a sum certain as to each Respondent.

The Bank also seeks an award of pre-judgment interest at the state statutory rate of eight per cent from the date of the arbitration award to the date of entry of judgment. The Bank does not request an award as to each Respondent. Instead, it seeks a total award of two million nine hundred sixty-five thousand eight hundred nine-two dollars and seventy-six cents ($2,965,892.76). The Court finds that any award of pre-judgment interest should be tailored to each Respondent and will deny the request without prejudice.

The Court also finds that pre-judgment interest may not be appropriate in this case, absent further authority. The Bank states that in a diversity case, entitlement to pre-judgment interest is determined pursuant to state law. See, e.g., AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (state law, not federal law, governs the

---

N.C.G.S. §4(j). Rule 4(e) also provides that service may be accomplished by personal service or by leaving a copy at the individual's dwelling or usual place of abode with a person of suitable age and discretion. Fed.R.Civ.P. 4(e)(2). The certificates of service filed in this action show proper service.

availability and amount of prejudgment interest in diversity cases involving the FAA). It therefore follows, according to the Bank, that since state law provides for eight per cent pre-judgment interest, the Court should include this amount in the default judgment. The Bank also states that the promissory notes actually provide for an interest rate greater than eight per cent. The Bank, however, has not included copies of the notes in the record.

The arbitration awards in this case, however, did not provide for pre-judgment interest. See, CSX Transp., Inc. v. Transportation-Communications Intern. Union, 413 F.Supp.2d 553, 572 (D.Md. 2006), *affirmed* 480 F.3d 678 (4th Cir. 2007) (declining pre-judgment interest as unsupported and noting arbitration awards did not provide for pre-judgment interest); *accord*, Peoples Security Life Ins. Co. v. Monumental Life Ins. Cor., 991 F.2d 141, 148 (4th Cir. 1993) (noting that arbitrators do not exceed their authority by including in an arbitration award under the FAA pre-award interest on compensatory portion thereof). North Carolina courts also have held that where the arbitrator did not include pre-judgment interest in the arbitration award, it may not be modified by a court upon confirmation to include such an award. Blanton v. Isenhower, ___ N.C.App. ___, 674 S.E.2d 694 (2009) (arbitration award could not be modified to include prejudgment interest where not specifically stated in the award itself); Hamby v. Williams, ___ N.C.App. ___, 676 S.E.2d 478 (2009)

(where arbitrator deferred the issue of prejudgment interest to the court, interest could be awarded); <u>Faison & Gillespie v. Lorant</u>, 187 N.C.App. 567, 654 S.E.2d 47 (2007) (arbitrator did not exceed his authority in including pre-judgment interest in award which court would not modify).

Absent a clarification of the amounts of pre-judgment interest and further authority supporting such an award, the Court declines, in its discretion, to grant pre-judgment interest.  Post-judgment interest, on the other hand, is mandated by 28 U.S.C. §1961 and will be granted.

Finally, as previously noted there are Respondents named in the application who have not been served.  Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

It may be that the Bank does not intend to pursue judgment against these Respondents.  In any event, the Court will require a response.  The Bank is hereby placed on notice that unless good cause is shown for the failure to effect service of the summons and application on the remaining

8

Respondents, this action shall be dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Default Judgment as to Respondents Jorge Angarita, Armando G. Armas, Jose G. Beltaran, Alina Boyd, Precious Brooks, Luther T. Ellis, Tisa T. Ellis, Martha G. Esparragoza, Nestor Esparragoza, Folayele F. Fapohunda, Wilson O. Oluremi, Michael Pena, Sally Pena, Rafael A. Ubeda, Glen B. Warrington and Renee E. Warrington [Doc. 25] is hereby **DENIED** without prejudice as to the request for pre-judgment interest and is otherwise **GRANTED**. Default Judgment is entered simultaneously herewith in the amounts as awarded by the arbitrators against each said Respondent and in favor of the Petitioner.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days of entry of this Order, the Petitioner shall respond concerning the remaining unserved Respondents.

Signed: July 12, 2010

Martin Reidinger
United States District Judge