**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09-cv-00307-MR**

| | | |
|---|---|---|
| **UNITED COMMUNITY BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER FOR FINAL** |
| | ) | **EXECUTION AND** |
| vs. | ) | **PRECLUSION OF** |
| | ) | **EXEMPT PROPERTY** |
| **JORGE ANGARITA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Final Execution and Order to Preclude Exempt Property Rights [Doc. 46].

It appears to the Court that Judgment Debtor Michael Pena ("Judgment Debtor") has been served with copy of the Judgment together with a copy of the Notice of Right to Have Exemptions Designated and Schedule of Debtors Property and Request to Set Aside Exempt Property; that the Judgment Debtor has failed to file a Schedule of Debtors Property and Request to Set Aside Exempt Property; and that the Judgment Debtor has failed to request a hearing to set aside exempt property or otherwise respond within the time allowed. The Court, therefore, finds that the Judgment Debtor has had a reasonable opportunity to assert the

exemptions provided by law and that the Judgment Debtor's failure to respond should be considered a waiver of his right to have property set aside as exempt from the execution of the Judgment in this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 46] is **GRANTED**, and the Judgment Debtor Michael Pena is precluded from having any of his property set aside as exempt from Judgment in this case.

**IT IS FURTHER ORDERED** that a final execution be issued by the Clerk of this Court for the Collection of the Judgment in this case.

**IT IS SO ORDERED.**

Signed: February 11, 2015

Martin Reidinger
United States District Judge